UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY V. HOWELL, ) | |
| No. 502030, ) | |
| ) | |
| Plaintiff, ) | No. 3:17-cv-00376 |
| ) | JUDGE CRENSHAW |
| v. ) | |
| ) | |
| MIKE BREEDLOVE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

Plaintiff, an inmate of the Cheatham County Jail in Ashland City, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Cheatham County Sheriff Mike Breedlove, Lt. J.J. Hannah, Jail Administrator Bobby Whitt, Nurse Jessica Plank, and Dr. Donald Kern, alleging a violation of his civil rights. (Doc. No. 1). As relief, the Plaintiff seeks "compensation for pain and suffering." (Id. at p. 5).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983,

2

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III.    Motion to Amend

After filing his complaint, the Plaintiff filed a "Motion for Cruel and Unusual Punishment Neglect, Medical Malpractice." (Doc. No. 4). The Court construes the Plaintiff's motion as a motion amend his complaint. "The court should freely give leave [to amend] when justice so requires." Rule 15(a), Fed. R. Civ. P.; Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). A motion to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nom-movant, or futility. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 519 (6th Cir. 2001), see Foman v. Davis, 371 U.S. 178, 182 (1962).

There is no evidence before the Court suggesting any intent on the part of the Plaintiff to delay or prejudice this action. The proposed amendments provide additional information regarding the Plaintiff's allegations. Therefore, the Court will grant the Plaintiff's motion to amend.

### IV.    Alleged Facts

The amended complaint alleges that, after one month of being incarcerated at the Cheatham County Jail in Ashland City, Tennessee, the Plaintiff began to experience a rash and severe itching. He noticed that other inmates were experiencing the same problem. He believes that all of the Defendants knew the cause of the problem was scabies because another inmate had scabies and was later transferred to a different facility. On October 4, 2016, the Plaintiff filed a grievance about his rash and itching. He subsequently filed over twenty (20) additional grievances about the problems. Over the course of three to four months, he went to "sick call" thirty-one (31) times seeking

3

treatment for his rash and itching. Defendant Nurse Plank told the Plaintiff that he did not have scabies, but the Plaintiff did not believe her. Dr. Kern provided the Plaintiff with triamcinolone cream 0.025% for his rash and itching but the Plaintiff believes this cream was not an appropriate treatment. The Plaintiff also was given "other medications" for his symptoms, and Defendant Whitt changed the Plaintiff's detergent for a brief period of time in an effort to diminish the Plaintiff's symptoms. According to the complaint, on January 18, 2017, Defendant Whitt told all the inmates that they were being treated for scabies/body lice. The Plaintiff states that he suffered for over three months before being adequately treated. (Doc. No. 1 at p. 6, Doc. No. 4 at pp. 1-4).

**IV.      Analysis**

The Plaintiff sues the named Defendants in their official capacities only. However, the Plaintiff's § 1983 claims for monetary damages against the Defendants in their official capacities are barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

Furthermore, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, Defendant Breedlove is the Sheriff of Cheatham County, and Defendants Hannah and Whitt employed by the county jail, which is operated by Cheatham County. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Cheatham County or its agent. Monell, 436 U.S. 658, 690-691. In short, for Cheatham County to be liable to the Plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the Plaintiff's constitutional rights. City of Canton v. Harris,

4

489 U.S. 378, 385 (1989).

Here, the Plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Cheatham County. Consequently, the Plaintiff has failed to state claims upon which relief can be granted against Defendants Breedlove, Hannah, and Whitt in their official capacities.

Some of the Plaintiff's § 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances and/or complaints. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's claims based on Defendant Whitt or any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

The amended complaint alleges that Nurse Plank and Dr. Kern violated the Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment by failing to provide the Plaintiff with appropriate medical treatment for his rash and itching. (Doc. No. 4). The Eighth Amendment to the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v.

Bradley, 729 F.3d 416, 419 (6th Cir. 1984).

To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); Westlake v. Lucas, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); see also Estelle, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. See Rhodes v. Chapman, 452 U.S. 337 (1981); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. See Wilson v. Seiter, 501 U.S. 294 (1991); Hunt, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Id. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his

6

health suffered as a consequence of such alleged denial.  See Thaddeus-X v. Blatter, 175 F.3d 378, 401 (6th Cir. 1999).

Here, the Plaintiff admits that he went to "sick call" over thirty (30) times for his rash and itching; the medical staff provided the Plaintiff with a cream for his symptoms and "other medication" unspecified by the Plaintiff; and the jail administrator changed the Plaintiff's detergent in an effort to reduce his symptoms.  Ultimately, the Plaintiff began receiving treatment specifically for scabies.  Thus, the Plaintiff received medical treatment; he simply disagrees with the nurse's initial diagnosis and methods of treatment before a different diagnosis was made and a different treatment was administered.

Although the Plaintiff disagrees with the manner in which he was treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim.  Furthermore, even if the Plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 105-06.  Simply put, an inmate is not entitled to the "best" medical treatment available.  Bemer v. Correctional Med. Services, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit).  The Plaintiff in this case has received some medical attention; therefore, he has not established that any Defendant acted with deliberate indifference to the Plaintiff's serious medical needs.

**V.     Conclusion**

As set forth above, the Plaintiff's motion to amend (Doc. No 4) will be granted.  However, the Court finds that the amended complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all Defendants.  28 U.S.C. § 1915A.  Therefore, this action will be

dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE